UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEITH R. MAJEWICZ,

                    Plaintiff,

                                    **Hon. Hugh B. Scott**

                v.                              09CV340A

                                      **Report
                                      and
MICHAEL J. ASTRUE Commissioner of          Recommendation**
Social Security,

                    Defendant.

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 8 (defendant), 11 (plaintiff)).

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and Supplemental Security Income benefits.

## PROCEDURAL BACKGROUND

The plaintiff, Keith R. Majewicz ("Majewicz" or "plaintiff"), filed an application for disability insurance benefits on September 8, 2004. That application was denied initially and on reconsideration. The plaintiff appeared before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated December 28, 2007, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision

became the final decision of the Commissioner on March 19, 2009, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on April 9, 2009 (Docket No. 1). The parties moved for judgment on the pleadings. The motions were not argued at the request of the parties to rest upon their moving papers and the motions were taken under advisement on February 11, 2010 (Docket No. 15).

## FACTUAL BACKGROUND[1]

Plaintiff claims disability arising on or about December 31, 2003, for anxiety disorder, panic attacks, depression, and chronic pancreatitis. He was born on August 8, 1973, had finished high school, and had prior employment as a tow truck operator, an industrial truck operator, and last worked at a cardboard factory stacking and counting pallets of cardboard (R. 78, 62, 173, 67, 586). After the onset date, plaintiff has repaired cars for money once or twice per month (R. 589-90).

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff claims that his anxiety and depression limited his ability to concentrate and stay focused and that he could not remain in large groups of people due to his panic attacks (R. 61, 81). He experienced dizziness, lightheadedness, nervousness, and problems with concentration (R. 594-95). At the time of the ALJ's hearing, plaintiff was seeing a psychiatrist once every three weeks and a counselor weekly (R. 605). In 2002, plaintiff began drinking and by December 2003

---

[1]References noted as "(R.___)" are to the certified record of the administrative proceedings.

he consumed 24 beers a day, concluding that drinking made him feel better (R. 599, 606). In June 2002, plaintiff was admitted to BryLin Hospital for alcohol addiction (R. 195).

Plaintiff also complains of chronic pancreatitis and has since June or July 2004, precluding him from lifting heavy weights (R. 593, 596, 95). After his diagnosis of pancreatitis in June or July 2004, he cut back on drinking alcohol for six months before relapsing and drinking 12 beers a day (R. 607-08), stopping and relapsing in subsequent years (R. 609). Plaintiff drank 8 beers a day three days in a row in the month before his ALJ hearing (R. 608). He also did not take his prescribed medication (R. 612).

*ALJ's Findings*

Applying the five-step approach for evaluating disability claims, the ALJ found that plaintiff met the insured status for Title II disability benefits through March 31, 2007 (R. 20). The record did not show that plaintiff engaged in a substantial gainful activity (although he performed work off the books) (R. 20). Plaintiff's impairments were severe but did not meet or equal any listed impairments (R. 20-21). The ALJ found that plaintiff possessed the residual functional capacity to perform the physical requirements of work at a medium exertional level (R. 22). The ALJ factored in alcohol abuse and compliance with taking prescribed medication, concluding that plaintiff "would have difficulty dealing with job stress, time pressures and interacting appropriately with co-workers, supervisors and the general public" when alcohol abuse is present (R. 22). "However, in the absence of alcohol abuse or when it's related limitations are not considered, and with compliance with prescribed treatment, the claimant is able to meet the mental demands of simple unskilled and semi-skilled work, respond appropriately to job stress including time pressures, and interact appropriately with supervisors,

co-workers, and the general public" (R. 22). Considering all impairments and limitations, including alcohol abuse, plaintiff was found not to be able to perform his past relevant work (R. 27), but without alcohol abuse, plaintiff lacked any impairment that meets or medically equals a listed impairment and he would be able to perform his past relevant work as a truck operator (R. 28). The ALJ also found that plaintiff was not fully compliant with prescribed treatment (R. 28). In sum, the ALJ concluded that plaintiff was not disabled (R. 28).

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience,

engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that his impairment prevents him from returning to his previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

> (1) whether the plaintiff is currently working;
>
> (2) whether the plaintiff suffers from a severe impairment;
>
> (3) whether the impairment is listed in Appendix 1 of the relevant regulations;
>
> (4) whether the impairment prevents the plaintiff from continuing his past relevant work; and
>
> (5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

In order to determine whether an admitted impairment prevents a claimant from performing his past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work he has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to his past relevant work given his residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, the chief issue is whether plaintiff's alcohol abuse was a contributing factor to his claimed disability. In defining "disability" under the Social Security Act, alcoholism is expressly excluded as a contributing factor material to the Commissioner's determination of disability, 42 U.S.C. §§ 423(d)(2)(c), 1382c(3)(J) (Docket No. 14, Def. Reply Memo. at 1-2; Docket No. 9, Def. Memo. at 21). Plaintiff argues that the ALJ's finding that plaintiff's alcohol abuse was material to his disability was not supported by substantial evidence, based upon improperly disregarding his treating and examining sources in favor of the opinion of a non-examining source as well as substituting the ALJ's medical opinion for those of the treating sources (Docket No. 11, Pl. Memo. at 7). He points to the nurse practitioner Mary Ciechoski's opinion (of December 29, 2006) that plaintiff had chronic pancreatitis with acute exacerbations

6

with or without alcohol abuse (R. 526; Docket No. 11, Pl. Memo. at 8 (emphasis added)). Plaintiff also points to the January 4, 2007, opinion of his treating psychiatrist and therapist that he was unable to meet competitive standards in maintaining regular attendance and punctuality or complete a normal workday and work week without interruptions from psychologically based symptoms (R. 521; Docket No. 11, Pl. Memo. at 8). Plaintiff concludes that his treating sources found that he suffers from debilitating limitations with or without alcohol (Docket No. 11, Pl. Memo. at 8; R. 524, 526). Both nurse practitioner Ciechoski and Andrea Browning (of Mid-Erie Counseling and Treatment Services) found that alcohol did not contribute to plaintiff's limitations and plaintiff was not currently abusing alcohol (R. 524, 526).

Defendant points to other instances in plaintiff's medical record that his treating physicians found that plaintiff's pancreatitis was a direct result of his alcohol abuse (Docket No. 14, Def. Reply Memo. at 2; R. 202, 231, 233-34, 249, 374), including plaintiff's admission that his drinking caused the pancreatitis (R. 248; Docket No. 14, Def. Reply Memo. at 2). Plaintiff's condition improves when he does not drink, as noted by nurse practitioner Ciechoski (R. 527; Docket No. 14, Def. Reply Memo. at 2-3). As for plaintiff's mental condition, defendant points to the ALJ relying upon parts of his medical record that his alcohol abuse complicated his panic disorder (R. 21, 24; Docket No. 14, Def. Reply Memo. at 3; Docket No. 9, Def. Memo. at 25-28).

From review of the administrative record, there is substantial evidence to support the ALJ's findings. Plaintiff's condition is worsened when he consumes alcohol and improves when he reduces his consumption or abstains entirely. Therefore, the ALJ's findings **should not be disturbed**.

**CONCLUSION**

For the foregoing reasons, this Court recommends that the decision of the Commissioner be **AFFIRMED**. Defendant's motion for judgment on the pleadings (Docket No. 8) should be **granted** and plaintiff's motion for similar relief in his favor (Docket No. 11) should be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**Any objections to this Report & Recommendation *must* be filed with the Clerk of this Court *within fourteen (14) days* after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective Dec. 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a). <u>Failure to file objections to this report & recommendation within the specified time or to request an extension of such time waives the right to appeal any subsequent district court's order adopting the recommendations contained herein.</u>** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
February 22, 2010